## JACOB FOLKENSON v. THE BOROUGH OF EASTON.

CERTIORARI TO THE COURT OF COMMON PLEAS OF NORTH-
AMPTON COUNTY.

Argued March 11, 1887—Decided March 21, 1887.

1. The act of May 24, 1878, P. L. 129, providing for the assessment of
damages where streets and alleys in boroughs are changed in grade or
location, is not retroactive so as to authorize the recovery of damages
for injuries sustained prior to the constitution of 1874.
2. Whether the statute of limitations is a bar to proceedings for the recov-
ery of damages caused by the change of grade of a borough street
made more than six years before, not decided.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY,
STERRETT, GREEN and CLARK, JJ.

No. 236 January Term 1887, Sup. Ct.; court below, No.—
October Term, 1886, C. P.

On November 15, 1886, Jacob Folkenson presented to
the court below his petition setting forth that he was the
owner of property abutting on Northampton street, in the
borough of Easton ; that in the year 1871, during the time of
such ownership, the authorities of said borough changed the
grade of said street, thereby causing him great damage ; that
he had endeavored to agree with the authorities of said bor-
ough on the compensation for the damage so done, but had
failed to so agree, and that due notice of his intended applica-
tion had been given; praying for the appointment of five
viewers to determine the damages sustained by him, etc.

To this petition the borough demurred and assigned for
cause that it was not sufficient in law, inasmuch as it is shown
by said petition that the injury complained of by reason of the
change of grade was inflicted in the year 1871, and the pro-
ceedings were therefore barred by the statute of limitations.

The court, H. J. REEDER, J., dismissed the petition and
sustained the demurrer for the reasons given in an opinion
filed in the case of Beck v. The Borough of Bethlehem, which

is reported in 2 Pa. C. C. R., 511. Thereupon the petitioner took this writ and specified that the court erred in sustaining the defendant's demurrer that the statute of limitations was a bar to the proceeding, and in dismissing the petition.

*Mr. H. J. Steele* (with him *Mr. H. S. Cavanaugh*), for the plaintiff in error:

But two questions are presented: first, is the Change of Grade act of May 24, 1878, P. L. 129, retrospective; and, second, is the statute of limitations applicable to that act?

1. By express language, the act is made to apply to all cases where the authorities of any borough *have changed* or may hereafter change the grade of any street. It was intended to be retrospective as well as prospective. It has been given a retrospective effect by all the lower courts that so far have passed upon it: Fegley v. Borough, 1 Lehigh V. R. 49; Beck v. Borough, Idem 325; s. c. 2 Pa. C. C. 511; Croft v. Borough, 1 Del. Co. R. 8. There can be no doubt of the right of the legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided no objection exists other than their retrospective character: Grim v. Weisenberg Sch. Dist., 57 Penn. St. 435; Lane v. Nelson, 79 Idem 407; Hepburn v. Curts, 7 W. 300; Leasure v. Mahoning Tp., 8 Idem 551. In granting the municipal charter, the legislature did not make a contract such as was contemplated by the constitution, which could not be modified by subsequent legislation: Cooley Const. Lim. 334. Even, however, if the act did impair the obligation of contracts, it is clearly competent for the commonwealth to pass a retrospective law impairing her own right: Davis v. Dawes, 4 W. & S. 401. When, as here, a moral obligation exists on the part of the government or its subordinate agents to relieve its citizens, sufficient to support a promise if the same state of things existed between individuals, the legislature has the right to recognize the obligation and direct its discharge: Lycoming v. Union, 15 Penn. St. 166; Town of Guildford v. Cornell, 18 Barb. 615; New Orleans v. Clark, 95 U. S. 644.

In answer to above, it will no doubt be contended that the act of 1878 was simply intended to carry into effect section 8, article XVI, of the constitution of 1874, and therefore was

not intended to retroact further than the time of the adoption of that instrument. But the legislative intent must be found in the act itself, and there is nothing in the act limiting either its retrospective or prospective features. It is the province of the court to construe the act as they find it, not to amend it.

2. It is contended that the statute of limitations can have no application to proceedings under the act of 1878 for three reasons:

*a.* Because the injury complained of is in the nature of a nuisance, every continuance of which is a new nuisance for which a new action will lie, and can only be barred by an adverse possession or user for twenty-one years: Broomall v. City of Chester, 1 W. N. 228; 3 Bl. Com., 220; Smith v. Elliott, 9 Penn. St. 345; Fell v. Bennett, 17 W. N. 117 (1 Cent. R. 409); Del. & H. Canal Co. v. Torrey, 33 Penn. St. 149; Whitehouse v. Fellowes, 10 C. B., N. S., 765; Holmes v. Wilson, 10 Ad. & E. 503; O'Connor v. Pittsburgh, 18 Penn. St. 187; Humphrey v. Irvin, 18 W. N. 449 (4 Cent. R. 685); Hannum v. West Chester, 63 Penn. St. 475.

*b.* Because the cause of action was unknown to the common law: O'Connor v. Pittsburgh, 18 Penn. St. 187, and for it a special statutory remedy, precluding all others, has been provided. The statute of limitations excludes specialties from its provisions by express terms. All instruments under seal, of record, and liabilities imposed by statute, are specialties within the meaning of the act: Wood Lim., § 29; Penrose v. King, 1 Y. 344; Richards v. Bickley, 13 S. & R. 395; Summerville v. Holliday, 1 W. 507; The Cork & Bandon R. Co. v. Goode, 13 Com. B. (76 E. C. L. R.) 824; Bullard v. Bell, 1 Mason, 243; Del., L. & W. R. Co. v. Burson, 61 Penn. St. 369; McClinton v. Railroad Co., 66 Idem 404; Hannum v. West Chester, 63 Idem 475; Council v. Moyamensing, 2 Idem 224; Magee v. Commonwealth, 46 Idem 358.

*c.* Because the injury complained of was an exercise of the right of eminent domain: Hannum v. West Chester, 63 Penn. St. 475; McClinton v. Railway Co., 66 Idem 410.

*Mr. Wm. Beidelman,* for the defendant in error.

Mr. B. was not heard; his brief, however, contained the following:

The reasonable and proper application of the act of May 24, 1878, seems to be that it was intended simply to provide a remedy for the infringement of the new right created by § 8, article XVI., of the constitution of 1874; because, prior to the adoption of that instrument, there existed no right of action, either at common law or by statute, for the recovery of damages inflicted by a change of grade: New Brighton v. U. P. Church, 96 Penn. St. 331.

Before § 8, article XVI., of the new constitution was adopted in the convention, the subject was very thoroughly discussed for a period extending through several days; and from all that was then said, not the least inference can be drawn that the section was intended to relate back and beyond the new constitution, but the discussion throughout points to the conclusion that it was intended to provide for injuries inflicted in the future. And see Cooley Const. Lim., 5th ed., 76.

The injury complained of in this case was inflicted in 1871, before the adoption of the new constitution; the petitioner therefore is without a remedy. Having been divested of no right since the new right was conferred, he has no grievance that may be remedied.

PER CURIAM:

The court committed no error in sustaining the demurrer of the defendant. It certainly was not the intention of the act of 1878 to give damages for injuries sustained prior to the constitution of 1874. Before this time, no remedy existed whereby a recovery could be had for such injuries, and we cannot assume from the rather careless language of the act that its retroactive power should go back of the constitution on which it is based.

Judgment affirmed.